IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:17-CR-00223-L-1 |
| | § | |
| MICHAEL LEE LYONS, | § | |
| #25619-479, | § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Compassionate release under 18 U.S.C. § 3582(c)(1)(A) Due to Extraordinary and Compelling Reasons and the COVID-19 Virus Pandemic (Doc. 54), filed June 5, 2020. As detailed here, the motion is **denied**.

I.

In 2018, Defendant pled guilty to possession of a firearm by a felon and was sentenced to 41 months' imprisonment. Crim. Doc. 52. He now seeks release from confinement alleging that he suffers from preexisting chronic conditions—Hepatitis C, chronic asthma, and high blood pressure—which render him more susceptible to the COVID-19 virus. Crim. Doc. 54 at 3.

According to the BOP's website, Defendant is 53 years old, has a projected release date of October 11, 2021, and is presently confined at FCI Fairton in New Jersey. As of June 9, 2020, the BOP's website reported that eight inmates and two staff had tested positive for COVID-19 at FCI Fairton and that two staff had recovered.[1] Upon review, the court concludes that Defendant is not eligible for a sentence modification.

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on June 9, 2020).

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c); however, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that on April 21, 2020, he submitted an administrative request to the warden and that he has yet to receive a response. Crim. Doc. 54 at 4. Even assuming he exhausted his administrative, the Court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons." Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-

The court does not downplay Defendant's preexisting chronic medical conditions—Hepatitis C, chronic asthma, and high blood pressure—or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing. Defendant has failed, however, to demonstrate sufficient grounds for compassionate release. First, he fails to establish that his chronic conditions are sufficiently severe and that they diminish his ability to provide self-care. Defendant does not present any evidence and/or medical records documenting his current symptoms and own unique circumstances sufficient to establish exceptional and compelling circumstances. At best, he has offered only conclusory assertions about his chronic medical conditions. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to the defendant's failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care"). Moreover, general concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering that there are only 10 positive cases among inmates and staff at FCI Fairton.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 691, 692-93. ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for possession of a firearm by a felon. At

---

05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

sentencing, he was in Criminal History Category VI (the highest possible category because of his prior criminal activity), the advisory guidelines range was 33-41 months, and the court imposed a sentence at the top of the guidelines range of 41 months. Crim. Doc. 53, *Statement of Reasons*. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief that Defendant seeks.

III.

For the foregoing reasons, Defendant's motion for compassionate release is **denied**.

**It is so ordered** this 11th day of June, 2020.

Sam A. Lindsay<br>
United States District Judge